UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MITCH KANATZER                                                                                            Plaintiff

v.                                                                          Civil Action No. 3:19-cv-P179-RGJ

JOHN SNELLAN *ET AL*.                                                               Defendants

\* \* \* \* \*

**MEMORANDUM OPINION**

This is a *pro se* civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Mitch Kanatzer leave to proceed *in forma pauperis*. This matter is before the Court for screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, this action will be dismissed.

**I. SUMMARY OF COMPLAINT**

Plaintiff is a convicted prisoner who was previously incarcerated at the Nelson County Jail (NCJ). He brings this action against the NCJ Jailer John Snellan and NCJ "C.O." Nancy Clark.

Plaintiff states that he was "falsely accused and punished for incident that I had no involvement in . . . . " He states that as result of this wrongful accusation, he received a "5.2 category write-up" and conviction, which led to a change in his custody level, the loss of visitation, and the loss of "meritorious good time." He states that his claims are based upon "corporal punishment/right to process/mental stress."

As relief, Plaintiff seeks that his disciplinary report and punishment be "overturned" and that he be given his "custody level back and meritorious good [] returned." He also seeks compensatory damages for "pain, suffering, mental anguish."

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Fourteenth Amendment Due Process Claims

"[T]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). The Supreme Court has held that a prisoner does not have a protected liberty interest in prison or jail disciplinary proceedings unless the sanction "will inevitably affect the duration of his sentence"

or the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 486-87 (1995).

### 1. Change in Custody Level/Loss of Privileges

Plaintiff first alleges that, as the result of a disciplinary write-up, his custody level increased and he lost his visitation privileges. Plaintiff, however, does not have a constitutionally protected liberty interest in his security classification. "[A]n increase in security classification . . . does not constitute an 'atypical and significant' hardship in relation to the ordinary incidents of prison life because a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification." *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005) (internal quotation marks and citation omitted); *see also Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (change in "prisoner classification" does not implicate a due process right); *Harris v. Truesdell*, 79 F. App'x 756, 759 (6th Cir. 2003) (holding that punishment in the form of placement in segregation and a change in security classification does not "give rise to a protected Fourteenth Amendment liberty interest"); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (holding that inmate's change in security classification or housing assignment did not implicate the Due Process Clause).

Federal courts have also consistently held that prisoners have no constitutionally protected liberty interest in visitation. *See Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460-61 (1989) (finding no protected liberty interest in Kentucky visitation regulations); *Bazzetta v. McGinnis*, 430 F.3d 795, 804-05 (6th Cir. 2005) (finding that a ban on virtually all visitation for prisoners who have been found guilty of two or more major misconduct charges for substance abuse does not rise to a due process violation); *Kanitz v. Cooke*, Nos. 03-cv-10180, 03-cv-10322,

4

2008 U.S. Dist. LEXIS 109269, at *17 (E.D. Mich. Mar. 5, 2008) ("Plaintiffs have no constitutional liberty interest in visitation.").

Thus, Plaintiff's Fourteenth Amendment claim with regard to the change in his custody level and the loss of visitation privileges fails to state a claim upon which relief may be granted because neither gives rise to a constitutionally protected liberty interest that would implicate the Due Process Clause.

### 2. Loss of Good-Time Credit

Plaintiff also alleges that, as a result of his disciplinary write-up, he lost "meritorious good time." Because the loss of earned good-time credits affects the length of an inmate's prison sentence, Plaintiff has a protected liberty interest in this regard. *Sandin*, 515 U.S. at 477-78 (citing *Wolff v. McDonnell*, 418 U.S. 539 (1974)). Nonetheless, there is still a barrier to his § 1983 due process claim. In *Heck v. Humphrey,* 512 U.S. 477 (1994), the Supreme Court held:

> [I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . .

*Id*. at 486-87. Thus, if a ruling on a claim would necessarily render a plaintiff's continued confinement invalid, the claim must be dismissed because it is not cognizable until the challenged confinement has been remedied by some other process. *Id*. at 489.

In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court extended the application of *Heck* to prison administrative proceedings, such as the one complained of by Plaintiff in this instance. The Supreme Court clarified that a prisoner must show a favorable termination of his disciplinary proceeding before filing a civil action in cases where the duration of his sentence has been affected. *See Muhammad v. Close*, 540 U.S. 749 (2004). To establish a "favorable

5

termination," Plaintiff must first successfully challenge the validity of the conviction resulting in the loss of good-time credits by filing a habeas corpus action following the exhaustion of state-court remedies. Only if Plaintiff's underlying disciplinary write-up is invalidated may he then bring a civil action for the alleged harm caused by the acts which resulted in his disciplinary conviction and punishment.

Thus, Plaintiff's Fourteenth Amendment claim based upon the loss of good-time credits must also be dismissed at this time for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the foregoing reasons, this action will be dismissed by separate Order.

Date:


cc: Plaintiff, *pro se*
 Defendants
 Nelson County Attorney
A961.011